1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY CAMPBELL,

11          Plaintiff,                   No. CIV S-05-0711 GEB DAD P

12      vs.

13   S. SMILEY,                          ORDER AND

14          Defendant.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   28 U.S.C. § 1983.  On August 18, 2005, the court denied plaintiff's application requesting leave

18   to proceed in forma pauperis, finding that on at least three occasions prior to the filing of this

19   action lawsuits filed by the plaintiff were dismissed on the grounds that they were frivolous or

20   malicious or failed to state a claim upon which relief may be granted.  Based upon that finding

21   plaintiff was ordered to submit the $250.00 filing fee before proceeding with this action.  The

22   court has learned that the order of August 18 was issued in error in that the third dismissal upon

23   which the court relied did not occur until after this action was filed.  Accordingly, the order

24   issued  August 18, 2005, will be vacated.

25          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

26   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

1

1    Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

2 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

3 without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

4 § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

5 month's income credited to plaintiff's prison trust account.  These payments shall be collected

6 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

7 plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

8    The court is required to screen complaints brought by prisoners seeking relief

9 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

10 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12 granted, or that seek monetary relief from a defendant who is immune from such relief.  28

13 U.S.C. § 1915A(b)(1),(2).

14    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

16 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20 Cir. 1989); Franklin, 745 F.2d at 1227.

21    A claim should be dismissed for failure to state a claim upon which relief may be

22 granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

23 that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

24 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

25 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

26 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp.

1  <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2  plaintiff, and resolve all doubts in the plaintiff's favor,  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

3  (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13 omits to perform an act which he is legally required to do that causes the deprivation of which

14 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15         In this case plaintiff alleges as follows:

16         On 4-7-05 I recived [sic] a[n] investigative report[.]  [T]he report is
           sapose [sic] to be issued 24 hours befor[e] the hearing and it
17         wasent [sic] and this violated my due process because the report
           wasn't [sic] issued within the time constraint and S. Smiley new
18         [sic] of the process and when the report was sapose [sic] to be
           issued and I was deprivtd [sic] of this[.]  [T]his is witten [sic] the
19         California Code of Regulations 3315 - 3318 this report was issued
           erliy [sic] plaintiff seeks money damages due to the deprivstion
20         [sic] of plaintiff defendant subjected plaintiff two [sic] under the
           fourthteeth [sic] amendant [sic] [.]
21

22 (Compl. at 3 & Attach.)  Based upon the alleged violations plaintiff seeks compensatory damages

23 of ninety-nine million dollars from correctional officer Smiley who is employed at California

24 State Prison, Sacramento.

25         Plaintiff appears to be complaining that his prison disciplinary hearing was not

26 held within 24 hours after he received a rules violation report on April 7, 2005.  The court notes

that plaintiff's complaint is dated April 7, 2005.  Although plaintiff alleges exhaustion of

administrative remedies, the allegation is implausible since plaintiff commenced this action on

the very same day he received the rule violation report at issue.  Likewise, plaintiff's allegation

that he did not receive a hearing within 24 hours of receiving the rules violation report appears

questionable in light of the fact that plaintiff filed the complaint in this action on the day he

allegedly received the a rules violation report.

Even if plaintiff inadvertently alleged an incorrect date for his receipt of the rules

violation report at issue, plaintiff's claim is without merit because plaintiff is mistaken regarding

the requirements of the state regulation that sets time constraints for the conducting of prison

disciplinary hearings.  Section 3320 provides as follows:

> The charges shall be heard <u>within 30 days from the date the inmate</u>
> <u>is provided a copy of the CDC Form 115</u> unless the charges were
> referred for possible prosecution and the inmate has been granted a
> request for postponement of the disciplinary proceedings pending
> the outcome of the referral, or if the inmate is transferred out of the
> custody of the department.

Cal. Code Regs. tit. 15, § 3320(b) (emphasis added).  Thus, the disciplinary hearing must be held

within 30 days, not within 24 hours, after the inmate receives a copy of the Form 115.  The

regulation further provides that the inmate must have at least 24 hours to prepare for the hearing,

unless the inmate waives the 24-hour period, in which case the hearing may be held before the

24-hour period expires.  <u>Id.</u>, § 3320(c)(2).  Plaintiff has not alleged that he waived the 24-hour

period and requested an earlier hearing, but had he done so, prison officials were merely

permitted, but not required, to hold his disciplinary hearing within 24 hours after providing him

with a copy of the rules violation report.[1]

Even if plaintiff were able to allege facts establishing a violation of a state

regulation, he has not alleged facts stating a cognizable federal constitutional claim.  It is well

---

[1]  The hearing "may be postponed up to 30 days upon the inmate's written request
showing a reasonable need for postponement."  Cal. Code Regs. tit. 15, § 3320(d).

1   established that inmates retain certain due process rights in prison disciplinary proceedings.

2   Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974).  However, state laws and regulations that

3   contain merely procedural requirements, even if those requirements are mandatory under state

4   law, do not give rise to a constitutionally cognizable liberty interest.  Toussaint v. McCarthy, 801

5   F.2d 1080, 1098 (9th Cir. 1987).  A state regulation gives rise to a liberty interest protected by

6   the Due Process Clause of the federal constitution only where the regulation pertains to freedom

7   from restraint that "imposes atypical and significant hardship on the inmate in relation to the

8   ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff's

9   allegations do not establish that he was deprived of any process due in the context of prison

10  disciplinary proceedings nor do they demonstrate that application of the state regulation imposed

11  an atypical or significant hardship on him in relation to the ordinary incidents of prison life.

12          It is evident from plaintiff's misunderstanding of the applicable regulation that he

13  cannot cure the defects of his complaint.  The undersigned will therefore recommend that this

14  action be dismissed on the grounds that it is legally frivolous and fails to state a claim upon

15  which relief may be granted pursuant to 42 U.S.C. § 1983.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  The court's order, filed on August 18, 2005, is vacated;

18          2.  Plaintiff's application to proceed in forma pauperis is granted;

19          3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

20  The fee shall be collected and paid in accordance with this court's order to the Director of the

21  California Department of Corrections filed concurrently herewith.

22          Also, IT IS HEREBY RECOMMENDED that this action be dismissed on the

23  grounds that plaintiff's claims are legally frivolous and fail to state a claim upon which relief can

24  be granted.

25          These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1 days after being served with these findings and recommendations, plaintiff may file written

2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

5 F.2d 1153 (9th Cir. 1991).

6 DATED: September 1, 2005.

7

8 DAD:4

9 camp0711.56

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26